JOSIE TYLER *vs.* CORA E. WRIGHT et als.

Sagadahoc County. Decided February 19, 1923. This is a real action to obtain possession of certain lands. The demandant claims under a mortgage given her by Charles R. Foote in his lifetime. The defendants are the heirs at law of said Foote. By way of brief statement the defendants allege that the mortgage was not intended to secure and did not secure any valid legal obligation or indebtedness and was never executed by Foote for that purpose; that there was no valid legal consideration for said mortgage; and that said mortgage was never delivered by Foote to the plaintiff. Briefly, the defendants invoke the familiar legal principle that it is essential to the validity of a mortgage and to the right of the mortgagee to enforce it that it should be supported by a valid consideration 27 Cyc., 1049; or to state the principle in more quaint form, since a conveyance cannot be a mortgage unless given to secure the performance of an obligation, the existence of an obligation to · be secured is an essential element without which the mortgage instrument is but a shadow without substance. 19 R. C. L., 294.

The case was tried before a jury and at the conclusion of the testimony the presiding Justice directed a verdict for the defendants. Upon plaintiff's exception to this ruling the case comes before us. "It is a well established and familiar rule of procedure in this state that the court may properly instruct the jury to return a verdict for either party when it is apparent that a contrary verdict would not be allowed to stand." *Wellington* v. *Corinna*, 104 Maine, 252. We are to examine the report therefore in order to test the question whether upon the same a verdict for the plaintiff could be sustained. It is the opinion of the court that such verdict could not stand and that the presiding Justice was correct in his determination upon the law involved and the testimony given in the case to rule as he did. Exceptions overruled. *Edward W. Bridgham*, for plaintiff. *Arthur J. Dunton*, for defendants.